IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:06cr275 |
| | ) |
| MARTIN STEINERT, | ) |
| Defendant/Appellant. | ) |
| | ) |

## MEMORANDUM OPINION

This is an appeal from a magistrate judge's decision revoking defendant-appellant Martin Steinert's probation and sentencing him to serve five months and twenty days incarceration. The following two questions are presented:

(1) Whether plain error occurred warranting resentencing when the magistrate judge, without objection from defense counsel, failed to afford Steinert an opportunity to allocute prior to sentencing for the probation violation?

(2) Whether it was plain error for the magistrate judge, in lieu of a colloquy with Steinert, to accept defense counsel's representation that Steinert admitted the probation violations and thus waived his right to a hearing on the violations?

At the conclusion of oral argument on these questions, an Order issued granting the appeal and remanding for resentencing as to the allocution issue, while denying the appeal as to the waiver issue. *United States v. Steinert*, No. 1:06cr275 (E.D.Va. Nov. 14, 2006) (order granting in part and denying in part the appeal). This memorandum opinion records the reasons for those rulings.[1]

---

[1] Issuance of this Memorandum Opinion was delayed to accommodate the press of other judicial business and because the Court was not aware that the matter had been appealed following the remand and resentencing. The appeal has since been voluntarily dismissed pursuant to Rule 42(b), Fed. R. App. P.

**I.**

In October 2002, Steinert pled guilty to driving with a suspended license on the George Washington Parkway, in violation of Va. Code § 46.2-201(b) and 36 C.F.R. § 4.2 (assimilating state traffic laws in national parks). Steinert was then sentenced to three days incarceration and twelve months of probation. His probation conditions included, *inter alia*, a prohibition on committing a federal, state, or local crime, a prohibition on drug use and excessive alcohol use, an obligation to report any arrest or questioning by law enforcement to the probation officer within 72 hours, and a requirement that Steinert successfully complete an alcohol education program at the direction of the probation officer.

Less than a year later, Steinert violated numerous conditions of his probation. Specifically, in April and May 2003, (i) he was charged and convicted of driving without a license in Falls Church, Virginia, (ii) he failed to notify the probation officer of this conviction, (iii) he submitted a urine sample that tested positive for cocaine, (iv) he admitted to his probation officer that he drank heavily and used cocaine, and (v) he failed to report for drug detoxification, in contravention of his probation officer's direction. A petition on supervised release was filed May 2, 2003, a summons issued, and Steinert appeared on May 20, 2003 in response to the summons. At that time, he indicated he wished to retain counsel. To allow him an opportunity to do so, the magistrate judge continued the proceedings to June 3, 2003. Steinert then failed to appear on that date, and the magistrate judge therefore issued an arrest warrant.

Steinert did not again appear in the magistrate judge's court until May 23, 2006, three years later. In the interim between Steinert's 2003 and 2006 appearances before the magistrate judge, the probation officer filed a May 2005 addendum to the 2003 petition noting further

violations, specifically (i) a conviction in Fairfax County court for driving as a habitual offender on February 1, 2005, (ii) a second conviction for this offense in Arlington County on March 28, 2005, (iii) a conviction for running a stop sign, and (iv) a third conviction for driving as a habitual offender, this one a felony, in Fairfax County on April 4, 2005.  The probation officer filed a further addendum to the petition in November 2005 stating that the defendant had been charged with failing to appear for a hearing on the April 2005 driving offense.

During the interim between June 3, 2003, when Steinert failed to appear before the magistrate judge, and May 30, 2006, when he next appeared, the record reflects that he was in state custody, and he ultimately appeared before the magistrate judge pursuant to a writ of *habeas corpus ad prosequendum*.  At the May 30, 2006 hearing, Steinert, by counsel, appeared before the magistrate judge, admitted the violations, and waived a revocation hearing.[2]  The magistrate judge did not offer Steinert an opportunity to allocute, nor did she specifically engage in a colloquy with Steinert to ensure his admission and waiver were knowing and voluntary.  Defense counsel raised no objection to this, nor did he suggest that the magistrate judge inquire of Steinert to ascertain directly whether Steinert admitted the violations and wished to waive a hearing.  The magistrate judge ordered Steinert detained, and continued the hearing to June 6 to give the parties further time to determine whether Steinert was eligible for a particular drug rehabilitation program.  On that date, the magistrate judge proceeded to sentencing, again without affording Steinert an opportunity to allocute, and again without objection from counsel.  In the end, Steinert received a sentence of six months, with credit for ten days already served, the

---

[2] Specifically, defense counsel stated that "with respect to the violations dating to May 2003 and June of 2003, he admits them."

maximum allowable sentence.³  *See United States v. Steinert*, No. 1:02mj01003 (E.D.Va. June 7, 2006) (Order terminating probation and sentencing defendant).

Steinert appeals the magistrate judge's finding of probation violations and the sentence imposed.

**II.**

On appeal to the district court, two errors are asserted: (i) failure to afford Steinert an opportunity to allocute, and (ii) that Steinert's admission of the violations and waiver of a revocation hearing were not knowingly and voluntarily made.  Jurisdiction over the appeal derives from 18 U.S.C. §§ 3742(a) and (h); original jurisdiction below was proper under 18 U.S.C. §§ 3401(d) and 3565.  A decision of a magistrate judge is reviewed on appeal to the district court using the same standard of review as an appeal from a district court judgment to a court of appeals.  *See* Rule 58(g)(2)(D), Fed. R. Crim. P., *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005); *Florists Mutual Ins. Co. v. Tatterson*, 802 F. Supp. 1426, 1431 (E.D.Va. 1992).

A decision to revoke supervised release and impose incarceration is typically reviewed for abuse of discretion.  *See Burns v. United States*, 287 U.S. 216, 222-23 (1932); *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995).  Yet where, as here, claimed error is not raised below, appellate review is for plain error.  *See United States v. Cole,* 27 F.3d 996, 998 (4th Cir. 1994).  To prevail under the plain error standard, an appellant must show that (i) error occurred, (ii) that it was plain, and (iii) that it affected his substantial rights.  *See* Rule 52(b), Fed. R. Crim.

---

³ At sentencing, the parties agreed that only the originally alleged violations in the May 2, 2003 petition were valid grounds for revocation, as they occurred within the one year probation period.  The additional violations were relevant to sentencing but not to the finding of a violation.

P., *United States v. Olano*, 507 U.S. 725, 732 (1991).  Moreover, a district court may notice and correct the error only when permitting it to go uncorrected would result in a miscarriage of justice - *i.e.* when the defendant is actually innocent – or when it would seriously affect the fairness, integrity, or public reputation of judicial proceedings.  *See Olano*, 507 U.S. at 736-77.  Given that defense counsel raised no objection to either error now asserted, this *Olano* plain error standard is appropriately applied to both errors.

### III.

With respect to the denial of an opportunity to allocute, the first two prongs of the plain error analysis are plainly satisfied.  The failure to allow Steinert to allocute violated Rule 32.1(b)(2)(E), Fed. R. Crim. P., which requires that defendants be given "an opportunity to make a statement and present any information in mitigation."  Nor is there any doubt that this requirement applies in the probation violation and supervised release context, as Rule 32.1 addresses precisely this situation.  And while the government is correct that the right to allocute may be waived, there is no indication of such a waiver in this case.  Steinert was not invited to allocute, nor did the magistrate judge inform him that he had a right to do so.  Nor should waiver of the allocution right be inferred from Steinert's silence in these circumstances, notwithstanding the government's argument that Steinert was apprised of his right to allocute from prior proceedings.  A court must "communicate unequivocally that the defendant has the right to allocute," making a "personal inquiry directed at the defendant."  *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006) (internal citations omitted).  At a minimum, the court, the prosecutor, and the defendant must "interact in a manner that shows clearly and convincingly that the defendant knew he had a right to speak on any subject of his choosing prior to the imposition

of sentence." *Id.* (internal citations omitted).  No such inference is possible on this record. Given the existence of plain error on this issue, it remains to determine whether the error affected Steinert's substantial rights, that is, whether the error was prejudicial.  *See Olano*, 507 U.S. at 732.

Denial of allocution is not prejudicial *per se*.  *United States v. Cole,* 27 F.3d 996, 999 (4th Cir. 1994).  Instead, an appellate court must "examine in each case to determine whether the error was prejudicial." *Id.*  In this respect, the appellant bears the burden of establishing prejudice.  *Olano*, 507 U.S. at 734.  Here, prejudice is apparent.  Where a defendant does not receive the minimum sentence possible under the circumstances after being denied allocution, prejudice is shown if a reviewing court can identify any grounds on which a lesser sentence might have been imposed.  *See Cole*, 27 F.3d at 999.[4]  Such grounds are readily identified here. Steinert's counsel argued that Steinert's violations were the result of a period of drug use and irresponsibility, but that more recent events indicated that Steinert was turning his life around.

---

[4] Steinert urges that *Cole* effectively holds that denial of allocution is presumptively prejudicial when the defendant was not sentenced to either (i) the statutory minimum or (ii) the bottom of the Guidelines range and no downward departure motion was made – the position adopted by the Fifth Circuit in *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006). This rule acknowledges the difficulty in proving prejudice from denial of allocution, and it is consistent with the common law rule that denial of allocution was *per se* reversible error.  *See Green v. United States*, 365 U.S. 301, 304 (1961).  *Cole* arguably rejects a blanket rule that denial of allocution is presumptively prejudicial, carving out instead, at a minimum, an exception to the rule for cases like *United States v. Lewis,* 10 F.3d 1086, 1092 (4th Cir. 1993), where prejudice cannot be shown because the defendant was sentenced either to the statutory minimum, or the bottom of the (then-mandatory) Guidelines and no downward departure motion was made. *See Cole,* 27 F.3d at 999.  Whether *Cole* endorsed a rule of *per se* prejudice or presumptive prejudice in other cases is an open question.  Yet this question need not be answered here, because *Cole* at least establishes a very low burden for demonstrating prejudice – namely that the Steinert "can identify grounds upon which the court *might have* imposed a reduced sentence," *id.* (emphasis added) – and Steinert has carried this burden here.

While the magistrate judge apparently was unpersuaded by defense counsel's argument in this regard, such a plea may well have had more persuasive effect from the defendant, a possibility the Supreme Court has recognized. *Green v. United States,* 365 U.S. 301, 304 (1961) ("The most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."). More simply put, the genuineness of a Steinert's claim to have repented and changed his ways is best assessed by a colloquy with Steinert himself. Even assuming such a plea did not convince the magistrate judge to impose time served, the sentence sought by defense counsel, it might have persuaded the magistrate judge to impose a less severe sentence than the sentence that was imposed. In the words of the Fourth Circuit, "as long as this possibility remained, we are unable to say [the defendant] was not prejudiced by the denial of his right to allocute prior to the imposition of sentence." *Cole,* 27 F.3d at 999. In sum, Steinert had a plausible argument for a sentence less than the maximum or less than the sentence he received, and since he was not afforded the opportunity to present the argument himself to the magistrate judge, the possibility of a lesser sentence resulting from allocution cannot be foreclosed.

The fourth prong of the *Olano* plain error analysis is also clearly satisfied here; indeed, precedent is squarely on point. In this circuit, when a defendant is denied allocution "and the possibility remains that an exercise of the right of allocution could have led to a sentence less than that received, [the] fairness and integrity of the court proceedings would be brought into serious disrepute were we to allow the sentence to stand." *Cole,* 27 F.3d at 999. Therefore, the magistrate judge's failure to afford Steinert an opportunity to allocute before sentencing on the probation violation is plain error that is properly noticed and corrected on appeal.

**IV.**

Steinert also seeks vacation of the magistrate judge's finding of a probation violation because he now claims that his counsel's representation to the court that he admitted the violations and waived a hearing was not a knowing and voluntary waiver. He argues that the court never addressed Steinert to ensure that he knew the nature of the charges against him or the procedural rights Steinert would be giving up by admitting the violations.[5]

While a defendant's supervised release cannot be revoked without a full revocation hearing, a knowing and voluntary waiver of the right to a revocation hearing may be inferred from the totality of the circumstances without a formal colloquy with the defendant. *See United States v. Farrell,* 393 F.3d 498, 500 (4th Cir. 2005); *United States v. Stehl*, 665 F.2d 58, 59 (4th Cir. 1981) (no need for a formal Rule 11 colloquy at probation revocation proceedings).

---

[5] It is worth noting the odd circumstance that the defense counsel who represented to the magistrate judge that Steinert admitted the violations and waived a hearing on the violations is the same defense counsel who now raises the contrary claim on appeal. Obviously, a defense attorney who believed his client's admission of violations was not knowing and voluntary has a professional obligation to say so contemporaneously, and indeed, to invite or suggest that the court inquire directly of his client whether the client admits the violations and wishes to forego a hearing on them. And presumably, defense counsel who makes a representation to the court that his client admits violations and does not require a hearing has previously acted responsibly and professionally by fully advising his client of his rights. It is possible, of course, that defense counsel may have been unprofessional or may not have provided effective assistance. An ineffective assistance of counsel claim was not asserted here, nor would it have been appropriate for this defense counsel to have raised the claim, given the possibility that counsel might well be a witness in future proceedings concerning this matter. Where a defense counsel recognizes that his client has an ineffective assistance of counsel claim, he should withdraw and allow other counsel to proceed. *See Restatement (Third) of the Law Governing Lawyers* § 108 ("a lawyer may not represent a client in a contested hearing or trial of a matter in which the lawyer is expected to testify for the lawyer's client or . . . the lawyer's testimony would be material to establishing a claim or defense of the client."). Because no ineffective assistance claim is asserted here, it is unnecessary to address at this juncture whether defense counsel was negligent or unprofessional, or otherwise provided Steinert with ineffective assistance. Additionally, it is worth noting that it would be inappropriate for a defense counsel deliberately to refrain from objecting to a perceived error for the purpose of creating an issue for appeal. It does not appear that this occurred here.

A review of the record demonstrates that the admission of violations and waiver of revocation hearing were knowing and voluntary under the circumstances presented. The specifics of the alleged violations were made known to the Steinert through detailed petitions and were recited by the magistrate judge in open court. Defense counsel stated, in the defendant's presence, that Steinert admitted the pertinent violations, while Steinert remained mute. Counsel and the magistrate judge then engaged in an exchange about which violations were pertinent to revocation and which merely could be taken into account in sentencing,[6] and then engaged in further discussion about the proper disposition of the case. Steinert was present throughout the proceedings and neither he nor his counsel objected at any point. These circumstances and the record as a whole convincingly demonstrate that the admission of the violations and waiver of the hearing were voluntary. *Accord Farrell*, 393 F.3d at 500 (where petition on supervised release is adequate and defense counsel admits the violation in defendant's presence and defendant does not object, knowing and voluntary waiver is appropriately inferred from the circumstances).

Alternatively, the record also convincingly demonstrates that even assuming it was error for the magistrate judge to accept defense counsel's representation concerning Steinert's admissions of waiver, no miscarriage of justice resulted; there is no plausible claim of actual innocence, nor has there been any showing that this putative error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See Olano*, 507 U.S. at 732. Therefore, it is appropriate on appeal to decline to correct any such asserted error.

---

[6] Only the 2003 violations were relevant to revocation, while the other violations were deemed pertinent to sentencing. *See* note 3, *supra*.

An appropriate Order has issued.

_____/s_____
Alexandria, Virginia                                     T. S. Ellis, III
January 17, 2007                                          United States District Judge